66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conrad VELASCO, Jr., a/k/a Conrad Velasco, Defendant-Appellant.
 No. 93-5926.
 United States Court of Appeals, Fourth Circuit.
 Sept. 20, 1995.
 
 John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellees.
 Before HAMILTON, LUTTIG and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Conrad Velasco appeals his conviction and sentence for attempted arson, in violation of 18 U.S.C.A. Sec. 844(i) (West Supp.1995), and 18 U.S.C. Sec. 2 (1988), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1995). On appeal, Velasco's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing two issues but stating that, in his view, there are no meritorious issues for appeal. Although given an opportunity, Velasco has not filed a pro se supplemental brief. After a thorough review of the briefs and the record, we affirm.
 
 
 2
 Velasco was found guilty by a jury of the attempted arson charge, and pled guilty to the weapons charge. Velasco's motion for a new trial was granted, and he obtained new counsel. Days before the second trial was to begin, Velasco pled guilty to attempted arson pursuant to a plea bargain. The district court sentenced Velasco to fifty-one months imprisonment on each count, to run concurrently, followed by three years of supervised release.
 
 
 3
 In his Anders brief, Velasco's attorney suggests that the district court failed to comply with the requirements of Fed.R.Crim.P. 11 in accepting Velasco's guilty pleas. We have evaluated the omissions on the part of the district court, and find them to be harmless. Fed.R.Crim.P. 11(h); United States v. Goins, 51 F.3d 400, 402 (4th Cir.1995). Accordingly, we conclude that Velasco's guilty pleas are knowing, voluntary, and constitutionally valid.
 
 
 4
 Counsel for Velasco also suggests that the district court erred by increasing Velasco's offense level under the sentencing guidelines for obstruction of justice. The district court had two grounds for enhancing the offense level. First, Velasco perjured himself at the original arson trial, denying that he committed the crime and attempting to blame it on another. Under United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S.1993), such an enhancement is appropriate under United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1992). Second, the district court made factual findings that Velasco attempted to bribe another to take the blame and testify falsely. We review these factual findings under a clearly erroneous standard, United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989), and do not find them to be clearly erroneous. Therefore, under either ground, the enhancement was appropriate.
 
 
 5
 We have examined the entire record in accordance with the requirements of Anders and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 We affirm Velasco's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.